## In re FAMOUS FAIN CO., Inc.

(District Court, S. D. New York. February 5, 1926.)

1. **Landlord and tenant** �köö101½—**Clause for forfeiture on bankruptcy of tenant to be strictly construed against landlord.**

Lease clause for cancellation on bankruptcy of tenant should be strictly construed against landlord.

2. **Landlord and tenant** �köö79(2)—**"Legal representatives" does not mean or include "assigns."**

"Legal representatives," as used in clause in lease providing that covenants and agreements herein contained are binding on parties hereto and their legal representatives, does not mean or include assigns.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Legal Representative.]

3. **Landlord and tenant** �köö79(2)—**Assignee of lease takes no greater estate than conveyed by lease, and no less.**

Assignee of lease can take no greater estate than that conveyed by lease, or no less.

4. **Landlord and tenant** �köö101½—**Forfeiture provision held contingent on insolvency of original tenant, and not on subsequent holder under assignment.**

Under lease providing for forfeiture on bankruptcy of tenant, *held*, that landlord looked to original tenant as responsible party, and made forfeiture provision contingent on his insolvency, and not on insolvency of subsequent holder under assignment of lease.

5. **Bankruptcy** �köö139(½)—**Corporation, taking assignment of lease with forfeiture clause on bankruptcy of tenant, not bound by such clause, and lease becomes asset on bankruptcy of corporation.**

Where lease provided for forfeiture on bankruptcy of tenant, and that tenant might assign to corporation to be organized, corporation taking such assignment, approved by owner, is not bound by forfeiture clause on adjudication of bankruptcy of corporation, and lease became asset of bankrupt estate.

In Bankruptcy. In the matter of the Famous Fain Company, Inc., alleged bankrupt. Application to have lease of premises occupied by bankrupt declared terminated. Application denied.

Charles A. Riegelman, of New York City, for receiver.

Wingate & Cullen, of New York City (Conrad Saxe Keyes, of New York City, of counsel), for landlord.

WINSLOW, District Judge. This is an application by the landlord to have the lease of premises occupied by the bankrupt at No. 571 Fulton street, Brooklyn, N. Y., declared terminated by reason of the appointment of a receiver in bankruptcy of the corporation "Famous Fain Co., Inc." The lease was made by the landlord in September, 1921, for a term of 20 years from the 1st day of January, 1922, to one Irving Fain, individually. It contained the following clause:

" * * * That if, at any time during the term hereby demised, the tenant shall be adjudicated a bankrupt, voluntarily or involuntarily, or shall make an assignment for the benefit of creditors, or if a receiver for the benefit of the creditors of the tenant shall be appointed in any judicial proceeding whatsoever, or if the tenant shall abandon said demised premises, or if the same shall become vacant during said term, then and in either of said events the landlord may, at his option, immediately cancel this lease, and thereupon the term hereby demised shall cease and come to an end."

The lease provided that Irving Fain "shall have the privilege" of assigning the lease to a corporation to be organized, in which Irving Fain "shall be the majority stockholder." It further provided that such assignment "shall in no wise release or discharge the said Irving Fain from any of the obligations hereunder for the payment of rent, or other covenants, terms, and conditions to be performed by the tenant."

Irving Fain thereafter assigned the lease to the Fain Knitting Mills, Inc., now known as "Famous Fain Co., Inc.," the bankrupt herein. Thereafter, and in or about June, 1924, the landlord, by agreement with the "Fain Knitting Mills, Inc.," the name being subsequently changed to "Famous Fain Co., Inc.," the bankrupt herein, recognized the assignment of the lease by Irving Fain, approved of the assignment, and extended the time for making and completing certain alterations and improvements to the premises contemplated by said lease.

In or about May, 1925, a further agreement was made between the landlord and the bankrupt herein, recognizing the bankrupt as assignee of the lease, and extending the time for the completion of the alterations upon certain terms. Both of these agreements with the bankrupt provided that nothing contained in the agreements with the bankrupt "shall be construed to change or modify any of the terms or provisions of the lease, except" as specifically stated.

A petition in involuntary bankruptcy was filed against the "Famous Fain Company, Inc.," on or about December 26, 1925, and adjudication was thereafter had. On filing of the petition, an order was duly made appointing a receiver of the bankrupt cor-

poration, and said receiver has duly qualified and entered upon the discharge of his duties. This application by the landlord is based upon the cancellation provision of the lease and the appointment of the receiver of the bankrupt corporation herein.

The receiver contends that the provision for the cancellation of the lease can be invoked only in the event of Irving Fain, the original lessee, as tenant, being adjudicated a bankrupt, or upon the appointment of a receiver of Irving Fain, etc. Irving Fain is not a bankrupt, and no receiver has been appointed for his property.

[1, 2] There can be no doubt that under the lease, and the assignments thereof made with the approval of the landlord, Irving Fain is not released and is still responsible to the landlord. I am of the opinion that forfeiture clauses similar to the one quoted in this lease should be strictly construed against the landlord. The law does not favor forfeitures, and such a clause as the one referred to should not be extended, either by implication or by construction, beyond the clear intent of the original parties to the instrument.

In the instant case, the lease and the agreements, wherein the assignment of the lease is recognized, have expressly reserved the landlord's rights as against the originally named tenant. The lease provided for the assignment to a corporation, the majority of the stock of which should be owned or controlled by Irving Fain. Nowhere is there any reference or provision that the forfeiture clause applies to or binds the assignees. The lease provides "that the covenants and agreements herein contained are binding on the parties hereto and their legal representatives."

It can hardly be argued that "legal representatives" means or includes "assigns." The leaving out of the words "and assigns" in the lease could hardly have been an inadvertence, because the parties clearly had in contemplation such an assignment to a corporation. Each of the subsequent agreements clearly and emphatically reserved the landlord's rights as against the original tenant.

The provision in the later agreements that the assignee would assume all of the obligations of the lease and perform its terms and conditions as to payment of rent and completion of alterations gave additional assurance to the landlord, but in no wise, except as expressly stated, changed the relation between the landlord and the original tenant.

[3, 4] The assignee of the lease could take no greater estate than that conveyed by the lease, and certainly he took no less. Had Irving Fain become insolvent, or been adjudicated a bankrupt, as provided for in the forfeiture clause, it would have, at the landlord's option, terminated his lease, and his assignee would have suffered by the loss of the estate of the lease. If the corporation (the bankrupt herein), on the other hand, desired to protect itself against the contingency of forfeiture by virtue of the insolvency of Irving Fain, it could have done so by providing, in the agreement recognizing the assignment, that the forfeiture clause should apply only to it. It is manifest that the landlord looked to the original tenant as the responsible party, and made the forfeiture provision contingent upon his insolvency, and not upon the insolvency of the subsequent holder under the assignment of the lease.

The assurance of having the "Famous Fain Co., Inc.," covenant to pay the rent, etc., gave the landlord additional security, but in no sense deprived the landlord of his option under the forfeiture clause, as against Irving Fain, the original tenant.

[5] The assignee, the bankrupt herein, on its part, took the assignment of the lease with full knowledge of the possible infirmity of his title, namely, the possibility of cancellation in the event of the insolvency of Irving Fain. The landlord, on his part, continued to look to Irving Fain as the really responsible party, the primary obligor, reserving the option of canceling the lease if the contingencies of the forfeiture clause obtained. The lease is an asset of the bankrupt estate.

The motion to declare the lease canceled and to compel the receiver to vacate the premises will be denied.